

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CLIFFIE KEYS, ET AL                                                            PLAINTIFFS

VERSUS                                      CIVIL ACTION NO. 2:04CV127 LTS-JMR

RIVERSIDE TRADING COMPANY, ET AL                              DEFENDANTS

## MEMORANDUM OPINION

This case is before the Court on the motion of Plaintiff Cliffie Keys (Keys), and Plaintiffs Shelby Coulter (Coulter) and Dimple Kelly (Kelly) to remand and on a motion for sanctions for improper removal. Defendant Riverside Trading Company (Riverside) has actually removed two separate cases: Cliffie Keys v. Riverside Trading Company, L.L.C., state cause number 2002-78C; and Shelby Coulter and Dimple Kelly v. Riverside Trading Company, L.L.C., state cause number 2002-77C.

Both of these separately-filed cases were removed from the Circuit Court of Covington County, Mississippi, on the grounds that the plaintiffs voluntarily amended their complaints to assert claims under the Magnuson-Moss Warranty Act, 15 U.S.C. §1446 (MMWA), giving this court federal question jurisdiction under 28 U.S.C. §1331. At the time removal was accomplished, these two cases had been consolidated for discovery only (Order of August 29, 2002), and the two cases were scheduled to be tried separately. (Order of January 21, 2003)

Plaintiffs are owners and operators of two diesel-powered trucks used for hauling cattle. Plaintiff Keys owns a 1999 Dodge; Plaintiffs Coulter and Kelly own a 2001 Ford. According to the amended complaints, on February 28, 2002, the plaintiffs went to Riverside to fill up their diesel trucks with diesel fuel. The plaintiffs put the nozzle marked "diesel fuel" into the trucks and proceeded to fill their trucks with what they believed to be diesel fuel. In fact, the pumps dispensed gasoline. Not knowing that they had received gasoline from the diesel pump, the plaintiffs drove away. Subsequently, the plaintiffs were told that the fuel from the diesel nozzle was not diesel fuel but was actually gasoline. An attempt was made to flush out the engines; but the engines had already suffered irreparable damage. These allegations are disputed by Riverside.

On May 1, 2002, the plaintiffs filed two separate suits against Riverside alleging, among other causes of action, breaches of implied warranties of fitness for a particular purpose and merchantability. On March 19, 2004, the plaintiffs separately filed amended complaints asserting causes of action under the MMWA, 15 U.S.C. §2301, *et seq*. The defendants base their removal on the plaintiffs' assertion of claims arising under the MMWA.

The Court of Appeals for the Fifth Circuit, in *Walton v. Rose Mobile Homes, L.L.C.*, analyzed the provisions of the MMWA. *Walton v. Rose Mobile Homes, L.L.C.*, 298 F.3d 470 (5th Cir. 2002). The Court of Appeals for the Fifth Circuit found that the MMWA was enacted to improve the adequacy of information available to consumers, prevent deception, and improve competition in the marketing of consumer products. *Walton*, 298 F.3d at 474.

In addition to establishing standards governing the content of warranties, the Act creates a statutory cause of action for consumers "damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation imposed by the Act or established by a written warranty, implied warranty, or service contract." *Id*. Suits under the MMWA may be brought in either federal or state court, and consumers are permitted to recover reasonably-incurred costs and expenses, including attorneys' fees, if they prevail in such suits. *Id*. Attorneys' fees cannot be used to satisfy the minimum jurisdictional amount necessary to bring an action in federal court, because § 2310(d)(3) requires that the amount in controversy be calculated "exclusive of interests and costs." *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984). Attorneys' fees are "costs" within the meaning of § 2310(d)(3). *Saval v. BL Ltd.*, 710 F.2d 1058, 1030 (4th Cir. 1983)

The MMWA provides a federal judicial forum for claims of breaches of written or implied warranties, but only in restricted circumstances. §2310(d)(3) provides:
(3) No claim shall be cognizable [in a United States District Court] in a suit brought under paragraph (1)(B) of this subsection –
   (A) if the amount in controversy of any individual is less than the sum or value of $25;
   (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or
   (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

Claims not enforceable in federal court because of the restrictions found in § 2310(d)(3) may be brought in state court. 15 U.S.C. § 2310 (d)(1)(A). 15 U.S.C.A. § 2310(d)(1); 15 U.S.C.A § 2310(d)(3)(A); 15 U.S.C.A. § 2310(d)(3)(B).

The salient question in this motion is whether these two separately-filed causes of action were ever consolidated in the state court, and, therefore, whether the claims of the individual plaintiffs may be aggregated to reach the $50,000 total necessary to allow removal to this federal forum. If the actions were not consolidated, each of the two suits must be considered separately to determine whether it is removable.

The plaintiffs filed two separate causes of action based on the separate ownership of the two vehicles that were allegedly damaged. The plaintiffs' separately-filed amended complaints; each limits the recovery sought, exclusive of interest and costs, to no more than $49,999.00. This is obviously less than the $50,000 threshold necessary to sustain federal jurisdiction.

Section 2310(d)(3)(B) provides that no MMWA claim is cognizable in a United States District Court unless the amount in controversy is at least $50,000. To determine whether the amount in controversy requirement is satisfied, I must look to the complaint. The amount stated in the complaint is itself dispositive of jurisdiction if the claim is apparently made in good faith. *St. Paul*, 303 U.S. at 288; *Boelens*, 748 F.2d at 1069; *Dassinger v. South Central Bell Telephone Co.*, 505 F.2d 672, 673 (5th Cir. 1974).

Although the plaintiffs teeter on the jurisdictional threshold by limiting the amount of damages they are seeking to $49,999.00, this limitation is one they are entitled to make. The structure of the MMWA is "designed to restrict access to federal courts." *Saval*, 710 F.2d at1030. Furthermore, where statutes confer jurisdiction on a federal court, the statutes are to be strictly construed, and any doubt shall be resolved against federal jurisdiction. *Boelens*, 748 F. 2d at 1067 (5th Cir. 1984). Therefore, I am of the opinion that the individual lawsuits do not meet the $50,000 threshold, excluding costs, required to proceed in a United States District Court.

In addition, the defendants' assertion that the plaintiffs' cases have been consolidated is misleading. On August 29, 2002, Covington County Circuit Judge Robert Evans did enter an Agreed Order Consolidating the Cases For Discovery. Judge Evans's order clearly states that the consolidation was for discovery purposes, and there is no indication from the agreed order that a different interpretation would be permissible. I am of the opinion that the plaintiffs' individual causes of action were consolidated for discovery purposes only, and, therefore, the two separate claims for damages cannot be aggregated to meet the $50,000 minimum necessary to establish this Court's jurisdiction.

Accordingly, appropriate orders will be entered **GRANTING** the plaintiffs' motion to remand and **DENYING** plaintiffs' motion for sanctions.

This 27th day of June, 2005.

s/ *L. T. Senter, Jr.*
**L. T. Senter, Jr.**
**Senior Judge**